UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL BURGHARDT, | No. 2:25-cv-0960-SCR |
| Petitioner, | |
| v. | ORDER FOR SUPPLEMENTAL BRIEFING |
| KELLY SANTORO, | |
| Respondent.[1] | |

Petitioner is an incarcerated person representing himself in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss the habeas petition on the basis that it is barred by the statute of limitations. ECF No. 9.

Having reviewed the state lodged documents which demonstrate various periods of time when petitioner was mentally incompetent, the court finds it appropriate to order supplemental briefing to further develop the record in this case. See Sossa v. Diaz, 729 F.3d 1225, 1229-30 (9th Cir. 2013) (recognizing that equitable tolling involves a fact-intensive inquiry).

Specifically, the parties are directed to address the following issues: 1) whether petitioner

---

[1] Respondent requests that Kelly Santoro be substituted as the proper respondent in this action as the Warden of Salinas Valley State Prison where petitioner is incarcerated. See Rule 2(a) of the Rules Governing Section 2254 Cases.

is entitled to equitable tolling for any period of time based on his mental impairment, including whether his mental illness made it impossible for him to timely file his § 2254 petition; and, 2) whether petitioner's delayed discovery of his Sacramento County conviction and sentence entitles him to an alternate start date of the statute of limitations under 28 U.S.C. § 2244(d)(1)(D).[2] See Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010) (holding that a petitioner is entitled to equitable tolling when: 1) "petitioner was unable rationally or factually to personally understand the need to timely file, or petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing"; and, 2) "petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance").  With regard to equitable tolling, petitioner shall address whether his "mental impairment prevented him from locating [legal] assistance or communicating with or sufficiently supervising any assistance actually found." Bills, 628 F.3d at 1101.

In addition to addressing these legal issues in their briefs, either party may supplement the record with any exhibits they deem relevant including sworn declarations, prison mail logs, mental health treatment records, or requests for law library access for the time period between December 2, 2022, when petitioner was sentenced, and February 23, 2024, when petitioner discovered his Sacramento County conviction had extended his release date.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit a supplemental brief on the issues identified herein within 30 days from the date of this order.

2. Respondent shall submit a supplemental brief 14 days after being served with petitioner's brief.

3. Petitioner may file a reply brief within 7 days of being served a copy of respondent's supplemental brief.

---

[2] Based on this provision of the AEDPA, the one year limitations period may start on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C § 2244(d)(1)(D).

4. The motion to dismiss will be deemed submitted upon receipt of the supplemental briefs or the expiration of the time for filing such briefs.

DATED: September 26, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE