UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL BURGHARDT,

          Petitioner,

    v.

KELLY SANTORO,

          Respondent.

No.  2:25-cv-0960-SCR

ORDER AND

FINDINGS AND RECOMMENDATIONS

Petitioner is an incarcerated individual representing himself in this habeas corpus action filed pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss the petition on the basis that it is barred by the statute of limitations.  ECF No. 9.  On September 29, 2025, the undersigned ordered supplemental briefing on equitable tolling and whether an alternate start date of the statute of limitations applies in this case.  ECF No. 10. Petitioner submitted his mental health records and the parties filed supplemental briefs.  ECF Nos. 12, 14-19.  For the reasons discussed below, the undersigned recommends denying the motion to dismiss.

## I.    Factual and Procedural History

Following a jury trial, petitioner was convicted in the Sacramento County Superior Court of battery by an inmate on a non-prisoner on August 1, 2018.  ECF No. 8-1 (Abstract of Judgment).  Petitioner was sentenced on December 2, 2022 to twenty-five years to life,

consecutive to the term he was already serving.  ECF No. 1 at 1; ECF No. 8-1.  He did not file a direct appeal challenging his Sacramento County conviction.  ECF No. 1 at 2.

On May 27, 2024, petitioner filed his first challenge to this conviction via a habeas corpus petition in the Sacramento County Superior Court.[1]  ECF No. 8-2.  The trial court denied that habeas petition on August 12, 2024 in a reasoned decision.  ECF No. 8-3.

Next, petitioner filed a habeas petition in the California Court of Appeal on August 25, 2024.  ECF No. 8-4.  That petition was denied on September 20, 2024.  ECF No. 8-5.

On September 24, 2024, petitioner filed a habeas corpus petition in the California Supreme Court.  ECF No. 8-6.  It was denied by order dated March 12, 2025.  ECF No. 8-7.

The instant § 2254 application was filed on March 24, 2025.  ECF No. 1.  Petitioner raises two claims for relief.  ECF No. 1.  First, petitioner asserts that he received ineffective assistance of counsel because his trial attorney did not file a notice of appeal on petitioner's behalf.  ECF No. 1 at 5-6.  Second, petitioner contends that his trial was unfair because his mental health was not taken into consideration.  ECF No. 1 at 8.  Regarding the timeliness of the § 2254 application, petitioner indicates that he "was unaware of … being taken to trial and sentenced. …  As soon as Petitioner became aware appropriate action was taken."  ECF No. 1 at 15.  By way of relief, petitioner requests a new trial and the opportunity to testify in his own defense.  ECF No. 1 at 9.

Respondent filed a motion to dismiss contending that the § 2254 petition was filed after the one year statute of limitations expired.  ECF No. 9; see 28 U.S.C. § 2244(d)(1).  According to respondent, petitioner's Sacramento County conviction became final on January 31, 2023 after the 60 day time period to file a direct appeal expired.  ECF No. 9 at 3.  The statute of limitations started the next day and expired on **January 31, 2024**.  Since all of petitioner's state habeas applications were filed after the statute of limitations had already expired, statutory tolling of the statute of limitations is not available.  ECF No. 9 at 3.  Thus, petitioner's § 2254 application filed on March 24, 2025, was filed over one year after the statute of limitations expired.  Based on this analysis, respondent requests that the § 2254 petition be dismissed with prejudice.

---

[1]  All filing dates have been calculated using the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988).

2

Petitioner submitted his mental health records as well as supplemental briefing. ECF Nos. 12, 14-15. The mental health records demonstrate that petitioner has been admitted to a CDCR mental health crisis bed ("MHCB") over 44 times, including during the relevant time period when the statute of limitations for his § 2254 petition was running. See ECF No. 12 at 2 (May 2023). Specifically, on April 16, 2023, petitioner was already in a MHCB when custody staff reported that he "swallowed part of a sprinkler head." ECF No. 14 at 5. As a result, he was transferred to a MHCB at a different prison. See ECF No. 14 at 24. Petitioner's suicide attempts are "too many … to count." ECF No. 14 at 26. His mental health continued to deteriorate to the point where CDCR filed a petition to involuntarily medicate him on May 19, 2023 due to his serious mental illness. ECF No. 12 at 30. This petition resulted in an order to involuntarily medicate petitioner from June 1, 2023 to June 1, 2024. ECF No. 12 at 19-24; see also California Penal Code § 2602 (outlining the Keyhea procedure for the involuntary medication of individuals with a serious mental illness that causes them to be a danger to themselves or to others). In his supplemental brief, petitioner asserts that "he was hospitalized at least four different times during a critical five-month period … [and he] did not know he was sentenced on December 2, 2022. ECF No. 15 at 1-2. Petitioner contends that his documented "extreme and severe [mental health] symptoms … significantly interfered with his ability to timely file a [habeas] petition." ECF No. 14 at 2.

Respondent's supplemental brief includes over 900 pages of petitioner's mental health records from December 2022 through February 23, 2024. ECF No. 19. According to respondent, petitioner is not entitled to equitable tolling because his "mental health records indicate he was diagnosed with antisocial personality disorder and narcissistic personality disorder throughout his incarceration, but there was no evidence of urgent or emergent mental health issues which indicate lack of understanding or ability to timely file a federal petition." ECF No. 19 at 4. Respondent further submits that "the mental health records that note Petitioner's actions (homicidal and/or suicidal) appear to be related to personality and behavioral problems, not a severe mental illness." ECF No. 19 at 4. Respondent also points out that "[e]ither on his own or with assistance, Petitioner has filed three state collateral actions, various 602 Administrative Grievances (Attachment 2), and his current federal habeas petition." Id. at 5. In support of this

contention, respondent points to portions of his mental health treatment records where petitioner "is preoccupied about getting his property in order to work on his legal endeavors." Id. (citing Exhibit A at 43, 139, 143, 162, 529).

With respect to an alternate start date of the statute of limitations, respondent submits that petitioner's assertion that he was not even aware that he was sentenced by the Sacramento County Superior Court in December 2022 is conclusory. ECF No. 19 at 6. "He never indicates when he allegedly learned of his December 2, 2022 sentence, why he did not learn of his sentence earlier, or what efforts he made to find out about his sentence. Without any specifics or supporting evidence, Petitioner's argument for a later trigger date of the limitation period…" should be rejected. Id.

## II.    Legal Standards

### A.  Statute of Limitations

Section 2244(d) (1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. This one-year clock commences from several alternative triggering dates which are described as:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### B.  Statutory Tolling

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett,

4

531 U.S. 4, 8 (2000).  The statute of limitations is not tolled from the time when a direct appeal in state court becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval.  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Moreover, the tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has expired (i.e., restart the clock to zero).  Thus, a state court habeas petition filed after the expiration of AEDPA's statute of limitations does not toll the limitations period under § 2244(d)(2).  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

### C.  Equitable Tolling

A court may equitably toll the statute of limitations if the habeas petitioner demonstrates: 1) the existence of an "extraordinary circumstance" that prevented him from timely filing; and, 2) that notwithstanding such an impediment he was diligently pursuing relief.  See Holland v. Florida, 560 U.S. 631, 649 (2010).  The Supreme Court has further clarified that the diligence required to establish entitlement to equitable tolling is not "'maximum feasible diligence'" but rather only "'reasonable diligence.'"  Holland, 560 U.S. at 653 (citations omitted).  However, the Ninth Circuit has cautioned that "the threshold necessary to trigger equitable tolling ... is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted).  Additionally, petitioner must demonstrate the causal relationship between the extraordinary circumstance and the untimely filing.  See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).  With respect to equitable tolling, "the statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier."  Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)).

A prisoner's mental illness may also justify equitable tolling of the statute of limitations. See Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010).  The Ninth Circuit created a two-part test for determining when a petitioner is entitled to equitable tolling due to mental impairment:

/////

(1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either

(a) petitioner was unable rationally or factually to personally understand the need to timely file, or

(b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.

(2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Bills, 628 F.3d at 1099–1100 (internal citations omitted).

### III.   Analysis

After reviewing petitioner's § 2254 application, the state lodged documents, and the supplemental exhibits, the undersigned finds that an alternate start date of the statute of limitations as well as equitable tolling are warranted in this case based on petitioner's ongoing mental impairment and his late discovery of his Sacramento County conviction. See ECF No. 1 at 15.

### A.  Alternate Start Date of the Statute of Limitations

Petitioner alleges that he did not become aware of this conviction until February 23, 2024 when he discovered that his release date had been postponed until 2059. ECF No. 1 at 5. Petitioner inquired about this change and received a CDCR Calculation Worksheet on or about March 26, 2024 that calculated his minimum eligible parole date for his 25 to life sentence. ECF No. 1 at 19 (CDCR Calculation Worksheet). Notably, the calculation did not start until September 23, 2034, indicating that petitioner was still serving a different sentence that had been imposed for a different crime. ECF No. 1 at 19.

The court's review of the state lodged documents explains petitioner's confusion. In denying state habeas relief, the Sacramento County Superior Court described the long and tortured history of petitioner's case:

Petitioner was a state prisoner at the prison in Folsom when he was charged with additional criminal conduct in multiple cases. Pertinent to this petition, in case 17FE001042, he was charged with assault by an inmate on a non-inmate (guard) for an incident in 2015, and charged with having prior

6

convictions which qualified him for indeterminate sentencing. The case went to trial in July, 2018; petitioner was removed from the courtroom on multiple occasions due to disruptive behavior. Petitioner was found guilty and the prior convictions were additionally found true. Judgment and sentencing were continued several times in 2018 for various reasons. In early 2019, while sentencing was still pending, petitioner was declared incompetent in Kings County, where he was then housed by CDCR. Defendant was found to be competent in Sacramento County on January 10, 2020, and sentencing was rescheduled in 17FE001042 for later in the month. Thereafter, sentencing was continued throughout 2020 for various reasons, including the covid pandemic. In November 2020, sentencing was again continued because petitioner was facing charges in Kings County and was found to be incompetent there. Thereafter, on February 19, 2021 the court tentatively ruled that it would not proceed with sentencing unless and until petitioner were restored to competency.

On April 14, 2021, the court issued an order removing petitioner's appointed counsel and appointing counsel from the Conflict Defenders to represent petitioner. Sentencing was continued several times in petitioner's absence. Petitioner appeared for sentencing on September 9, 2022, and a doubt as to competency was declared by the court. On December 2, 2022, the parties submitted the issue of competency to the court and the court found petitioner competent. A. doctor's report, a certification of competency from Kings County, and additional documents were submitted for the court's consideration of competency. The court then proceeded to sentencing. On December 2, 2022, petitioner was given a sentence of 25 years to life, due to the true finding of the prior convictions. No appeal was filed.

In case 21FE001868, petitioner was charged with battery on a nonprisoner (guard) for a separate incident with prison staff that occurred in January 2020. However, that case was dismissed on December 2, 2022 in the interest of justice and in light of the sentence petitioner received in 17FE001042.

ECF No. 8-3 at 3-4.  Based on this record, petitioner's lack of awareness of his new conviction appears to stem from his lack of competency during the pendency of state court proceedings, as well as pending cases in the Sacramento County Superior Court and the Kings County Superior Court.  Id.  Additionally, petitioner had to be removed from the courtroom during his Sacramento County Superior Court trial and was subsequently found incompetent.  Id.  This information adds credence to petitioner's assertion that he was not aware of this conviction when it occurred.

With this understanding of the procedural history of petitioner's Sacramento County conviction, the court now turns to determining the timeliness of the § 2254 application.  The one year statute of limitations creates four possible triggering dates.  28 U.S.C. § 2244(d)(1). Liberally construing petitioner's § 2254 application, the court finds that petitioner is entitled to an alternate start date of the statute of limitations based on his delayed discovery of the factual

7

predicate for his claims.  28 U.S.C. § 2244(d)(1)(D).  In this case, petitioner persuasively contends that he did not discover his conviction from Sacramento County until February 23, 2024.  Without understanding that the proceedings in the Sacramento County Superior Court resulted in an actual conviction, petitioner had no reason to raise any claim for relief related to his trial or sentence.  See Ford v. Gonzalez, 683 F.3d 1230 (9th Cir. 2012) (emphasizing that "[t]he 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered").  In this circumstance, the factual predicate for his claim is, in sum and substance, the fact of the conviction itself.  28 U.S.C. § 2244(d)(1)(D).  Although the record is not well developed on this point, there is no evidence indicating that petitioner could have discovered his conviction sooner based on his fluctuating mental status.  See Quezada v. Scribner, 611 F.3d 1165, 1167-68 (9th Cir. 2010) (applying an alternate start date of the statute of limitations to petitioner's Brady claim that the government withheld evidence of money paid to a government witness because petitioner "exercise[d] reasonable diligence yet was unable to acquire this information earlier").  This is especially true given the fact that the trial court did not appoint petitioner appellate counsel since no notice of appeal was filed.  Petitioner could only rely on his own knowledge of Sacramento County Superior Court proceedings.  In the circumstances of a mentally incompetent prisoner representing himself, petitioner's diligence is sufficient to meet the 28 U.S.C. § 2244(d)(1)(D) standard.  Therefore, the undersigned finds that the statute of limitations started on **February 24, 2024** based on the alternate triggering date of 28 U.S.C. § 2244(d)(1)(D).

**B.  Equitable Tolling of the Statute of Limitations**

Alternatively, the undersigned finds that petitioner is entitled to equitable tolling of the statute of limitations based on his well-documented mental illness that was the but-for cause of his untimely filing.  The evidence documenting petitioner's mental illness consists of approximately 1,500 pages of records from the California Department of Corrections and Rehabilitation ("CDCR").  ECF Nos. 12, 14, 19.  These records are not just limited to the time frame when the statute of limitations was running because they repeatedly rely on petitioner's case history from an earlier time period.  These mental health records demonstrate that petitioner

8

has "a history of bipolar disorder" with additional diagnoses of "Borderline Personality Disorder, Antisocial Personality Disorder, Narcissistic Personality Disorder, Unspecified mood d[isorder] and Alcohol Use Disorder, Severe."  ECF No. 19 at 50, 578.  As a result, petitioner has "an extensive history of placements at various levels of care (LOC)" within CDCR including "CCCMS, EOP, MHCB, Acute, and ICF."  ECF No. 19 at 578; see also ECF No. 19-1 at 2-3 (describing the levels of mental health care within CDCR).  The severity of his mental impairment is most evident from his documented history of suicide attempts and self-harm, as well as his homicidal actions toward CDCR custody and mental health staff.[2]  See ECF No. 19 at 30-33, 541-544 (documenting 15 suicide attempts from 2014-2019).  By way of example, between August 2022 and June 2023, petitioner was transferred to the Administrative Housing Unit ("AHU") on 17 occasions due to reports of suicidal and/or homicidal ideation.  ECF No. 19 at 577-578.  He was on suicide watch from May 18, 2023 through June 7, 2023.  ECF No. 19 at 653-872.

Based on these records, the undersigned finds that petitioner's mental impairment constitutes an extraordinary circumstance beyond his control.  See Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010).  In order to be entitled to equitable tolling, this mental impairment must have made him "unable rationally or factually to personally understand the need to timely file, or … [his] mental state rendered him unable personally to prepare a habeas petition and effectuate its filing."  Bills, 628 F.3d at 1100; see also Calderon v. United States, 163 F.3d 530, 541 (9th Cir. 1998), rev'd on other grounds by Woodford v. Garceau, 538 U.S. 2020 (2003) (recognizing that a "habeas petitioner's mental incompetency [is] a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control" that justifies equitable tolling).  While respondent suggests that petitioner's personality disorders do not entitle him to equitable tolling because they are volitional, differentiating between petitioner's Axis I and Axis II diagnoses is a level of analysis that this court need not address when determining whether petitioner was aware of his

---

[2]  His homicidal ideation is demonstrated by his history of 377 Rule Violation Reports ("RVR's") for battery on staff, threatening staff, aggravated battery on staff by "gassing," resisting officers, and destruction of state property committed before June 2024.  See ECF No. 19 at 578, 950.

9

need to timely file his § 2254 petition.[3]  Petitioner's mental health records do not demonstrate that petitioner was aware of the need to file his § 2254 petition by January 31, 2024.  Although respondent cites to various portions of his mental health records indicating that petitioner "is preoccupied about getting his property which contains his legal work; he claims his commitment case is in the process of being overturned …," all of these citations are cut and pasted from "previous records" and do not refer to any specific timeframe.  See ECF No. 19 at 51, 147, 151, 170, 537.  Moreover, the instant § 2254 petition does not challenge petitioner's original commitment offense.  He is challenging a subsequent criminal conviction that he sustained while in prison.  Therefore, these portions of petitioner's mental health records do not establish an awareness of the statute of limitations governing his most recent conviction.  Petitioner did not file any challenge to this conviction until May 27, 2024.  Therefore, the record in this case does not demonstrate that petitioner was either aware of, or had the personal capacity to prepare a federal habeas petition between February 1, 2023 and January 31, 2024, when the statute of limitations was running.

Having met the first prong of the Bills standard for equitable tolling due to a mental impairment, the court still must determine whether petitioner was diligent "in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance."  Bills, 628 F.3d at 1100.  There is no evidence in the record that petitioner had access to a lawyer or even a jailhouse lawyer while the statute of limitations was running.  Petitioner contends that his mental impairment prevented him understanding his new conviction or the need to bring a legal challenge to it until February 23, 2024.  Based on the evidence in the record, the statute of limitations should be equitably tolled due to petitioner's mental impairment from the time it started on February 1, 2023 until February 23, 2024.  Therefore, with equitable tolling, the court finds that the statute of limitations did not start until February 24, 2024.

---

[3]  Despite recognizing the "ingrained character pathology" for petitioner's maladaptive behaviors while incarcerated, mental health treatment staff also noted that "there is [a] noticeable decrease in intensity/frequency of disruptive b[ehavior] since his compliance with psych meds was enforced per P[enal] C[ode] 2602."  Compare ECF No. 19 at 578 with ECF No. 19 at 588.

Based on either an alternate start date or equitable tolling, the statute of limitations ran for a period of 93 days and was statutorily tolled on May 27, 2024 based on the filing of petitioner's first state habeas petition in the Sacramento County Superior Court. See 28 U.S.C. § 2244(d)(2) (allowing statutory tolling during the pendency of a properly filed state habeas petition). The statute of limitations re-started on March 13, 2025 following the denial of his third state habeas petition by the California Supreme Court and did not expire until December 2025.[4] Since petitioner filed his § 2254 petition in this Court on March 24, 2025, it is not barred by the statute of limitations.

### IV. Plain Language Summary for Party Proceeding Without a Lawyer

Since petitioner is representing himself in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the motion to dismiss as well as your mental health records, the undersigned has determined that your federal habeas petition was timely filed. As a result, it is recommended that respondent's motion to dismiss should be denied.

If you disagree with this recommendation, you have 21 days to explain why it is not correct. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review the file and make the final decision.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district judge.

/////

---

[4] Since the time periods between petitioner's state habeas filings was only 13 days and 4 days respectively, he is entitled to gap tolling between the denial of his habeas petition in the lower court and the filing of a new petition in a higher court. See Evans v. Chavis, 546 U.S. 189 (2006) (discussing the availability of statutory tolling for California's "special system governing appeals when prisoners seek relief on collateral review ... within a 'reasonable time'"); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (petitioner was not entitled to "gap tolling" for delays of 115-days and 101-days because they "were substantially longer than the '30 to 60 days' that 'most States' allow for filing petitions….").

11

IT IS FURTHER RECOMMENDED that respondent's motion to dismiss (ECF No. 9) be denied and that respondent be required to file an answer to petitioner's § 2254 application.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 3, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

12